UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Ronnie Joe Vanzant, ) | Civil Action No.: 8:15-cv-02876-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Dr. Berry Weissglass, Dr. Theodolph ) | |
| Jacobs, and Karen Huffman, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Ronnie Joe Vanzant, a state pretrial detainee proceeding pro se, has sued the three above-named Defendants under 42 U.S.C. § 1983 alleging they violated his constitutional rights by acting in deliberate indifference to his serious medical needs. The matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.[1] *See* R & R, ECF No. 70. The Magistrate Judge recommends the Court grant Defendants' motion for summary judgment. R & R at 15-16. Plaintiff has filed objections to the R & R. *See* ECF No. 72. Defendants have filed a reply to Plaintiff's objections. *See* ECF No. 74.

## Legal Standards

### I.    Review of the Magistrate Judge's R & R

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination

---

[1] The Magistrate Judge conducted her review of Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

**II.     Summary Judgment**

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Reyazuddin v. Montgomery Cty., Md.*, 789 F.3d 407, 413 (4th Cir. 2015); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving

2

party, *Reyazuddin*, 789 F.3d at 413, but the Court "cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015).

## Background[2]

Viewed in the light most favorable to Plaintiff, the facts are as follows. Plaintiff was incarcerated as a pretrial detainee at the Sheriff Al Cannon Detention Center in North Charleston, South Carolina, during all times relevant to his allegations. Sec. Am. Compl., ECF No. 51 at 2. He alleges that on the morning of July 11, 2015,[3] he suffered a seizure attack, injured his head when he hit the concrete, and was taken to the medical unit at the jail. *Id.* While Plaintiff was in the medical unit, an officer searched his cell and found pills from a medication that had been administered to Plaintiff earlier that morning. *Id.* at 3-5. Plaintiff was charged with a disciplinary infraction for medication hoarding and placed in lock-up for fifteen days, and Defendants[4] immediately discontinued all of his medications, including his mental health and seizure medications, that they had been providing him for the past year-and-a-half. *Id.* at 3; Huffman Aff., ECF No. 62-4 at 2. Although Defendants eventually began providing most of his medications again, Plaintiff claims their sudden termination of all medications and the delay in reinstating the medications (particularly his seizure medications) constituted deliberate indifference to his serious medical needs. Sec. Am. Compl. at 3, 5-6; Pl.'s Supp. Pldg., ECF No. 65

---

[2] The Magistrate Judge's R & R contains a full summary of the procedural and factual history of this case, as well as the applicable legal standards.

[3] Plaintiff's complaint alleges the incident occurred on July *11*, 2015, while medical records indicate it occurred on July *12*, 2015. Compare ECF No. 51 at 2, *with* ECF No. 62-6 at 2. This discrepancy is of no consequence to the Court's analysis of the issues involved in this case.

[4] Defendants are employees of a private limited liability company that contracts with Charleston County to provide medical services at the Sheriff Al Cannon Detention Center. Weissglass Aff., ECF No. 62-5. The Magistrate Judge concluded Defendants are state actors subject to liability under § 1983, and Defendants have not objected to this conclusion. R & R at 10; *see Robinson v. Green*, No. 2:06-cv-00985-RBH, 2007 WL 1447871, at *6 n.5 (D.S.C. May 11, 2007) ("[W]here a function which is traditionally the exclusive prerogative of the state, such as providing medical care, is performed by a private entity, state action is present." (citing *West v. Atkins*, 487 U.S. 42, 54 (1988)).

at 1.

## Discussion

The Magistrate Judge recommends the Court grant Defendants' motion for summary judgment on Plaintiff's deliberate indifference claim brought under 42 U.S.C. § 1983. R & R at 15-16. Plaintiff lodges several objections to the Magistrate Judge's recommendation.[5]  *See* Pl.'s Objs., ECF No. 72.

First, Plaintiff indicates he does not understand the legal standard set forth in the R & R regarding the "Requirements for a Cause of Action Under § 1983." Pl.'s Objs. at 2; *see* R & R at 4-5. Specifically, Plaintiff states he "doesn't understand how state statutes can be [i]nvolved in a federal constitutional complaint." Pl.'s Objs. at 2. As the Magistrate Judge explains, a plaintiff asserting a claim under § 1983 must show he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) (emphasis added). The "under color of state law" requirement encompasses "*any statute . . . of any State*," *see* 42 U.S.C. § 1983 (emphasis added), and it is met when the deprivation was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). The Court finds the R & R correctly

---

[5] At some places in his objections, Plaintiff states he "agrees" with and "understands" several portions of the R & R. *See, e.g.*, Pl.'s Objs. at 1, 8. Additionally, Plaintiff makes several new factual allegations, attaches several medical records, and asserts a claim for retaliation regarding exercise of his First Amendment rights in a prior lawsuit heard by this Court. Pl.'s Objs. at 8; *see Vanzant v. Carolina Center for Occupational Health et al.*, Civ. No. 8:14-cv-03725-RBH (D.S.C.) (dismissing another lawsuit filed by Plaintiff against Defendants and others based on alleged deliberate indifference to his serious medical needs regarding knee surgery). The Court notes Plaintiff cannot use his objections to plead new facts or assert new claims not originally alleged in his pleadings. *See* 28 U.S.C. § 636(b)(1) (providing de novo review encompasses a "determination of those portions of the report or specified proposed findings or recommendations to which objection is made"); Fed. R. Civ. P. 72(b)(2)-(3) (same); *cf. United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992) (specifying a district court has the duty "to consider all *arguments . . .* , regardless of whether they were raised before the magistrate" (emphasis added)); *Backus v. Cox*, No. 4:13-CV-00881-RBH, 2013 WL 5707328, at *2 (D.S.C. Oct. 18, 2013) ("Plaintiff, however, cannot use his objections to plead new claims or cure the factual defects of his existing claims against Defendant . . . .").

summarizes the legal standard required for a claim brought under § 1983.

Plaintiff next asserts, "Everything Plaintiff stated in his complaint is true and he can prove it all through discovery process." Pl.'s Objs. at 2. Elsewhere in his objections, Plaintiff requests permission to conduct discovery to prove his deliberate indifference claim.[6] *See id.* at 2-3, 9. To the extent Plaintiff is moving for leave to conduct discovery, his request is untimely because the discovery phase of this case has long since expired. Local Civil Rule 26.04 requires that pretrial discovery in a civil case exempt under Federal Rule of Civil Procedure 26(a)(1)(B) must be completed within ninety days after the joinder of issues. Local Civ. Rule 26.04 (D.S.C.); *see* Fed. R. Civ. P. 26(a)(1)(B)(iv) (exempting from initial disclosure an action filed by a person who is in state custody and not represented by an attorney). "Joinder of issues occurs when the basic factual and legal questions raised by the parties 'crystallize' i.e., when [the] defendant answers or otherwise responds to the allegations set forth in [the] plaintiff's complaint." *Bachman v. M. Lowenstein & Sons, Inc.*, 85 F.R.D. 10, 12 (D.S.C. 1979). Here, joinder of the issues occurred at the latest on March 2, 2016, when Defendants filed and served their answer to Plaintiff's second amended complaint. *See* ECF No. 56. Pretrial discovery therefore closed on May 31, 2016. Consequently, Plaintiff's request to conduct discovery is untimely.[7] *See, e.g.*, *Cash v. Thomas*, Civ. No. 6:12-1278-DCN, 2013 WL 1826619, at *1 (D.S.C. Apr. 8, 2013) (applying Local

---

[6]  Plaintiff claims Defendants are "holding and hiding . . . medical documents from hospitals and providers plaintiff has seen over the years." Pl.'s Objs. at 3. He also alleges "[m]ost all of [his] seizures and injuries" were caught on video recording devices. *Id.* at 2.

[7]  Plaintiff dated his objections June 28, 2016. Pl.'s Objs. at 9; *see Houston v. Lack*, 487 U.S. 255, 276 (1988) (providing a pro se prisoner's document is deemed filed at the moment of delivery to prison authorities for forwarding to the district court). Additionally, the Court notes Plaintiff filed numerous exhibits (including his medical records and a jail grievance) in support of his response in opposition to Defendants' motion for summary judgment, and Defendants served Plaintiff with copies of the exhibits in support of their motion for summary judgment. *See, e.g.*, ECF Nos. 62, 67, 68, & 69. Thus, it does not appear Plaintiff has been completely unable to support his allegations with evidence outside his verified complaint. Additionally, Plaintiff's verified complaint is viewed as an opposing affidavit and may, standing alone, defeat summary judgment if it contains allegations that are based on personal knowledge. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991).

Civil Rule 26.04 to a § 1983 plaintiff's "'motion to subpoena witnesses for declarations and affidavits'" and denying it as untimely because it was "an attempt to conduct discovery at this late stage of litigation").

Finally, Plaintiff objects to the Magistrate Judge's substantive analysis of his deliberate indifference claim. Pl.'s Objs. at 2-9. To establish a claim for deliberate indifference to his serious medical needs under 42 U.S.C. § 1983, a plaintiff must show (1) he was deprived of an objectively serious medical need by a state actor and (2) the state actor knew of and disregarded an excessive risk to the plaintiff's health or safety.[8] *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014); *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). Deliberate indifference "is a higher standard for culpability than mere negligence or even civil recklessness, and as a consequence, many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference." *Jackson*, 775 F.3d at 178. Absent exceptional circumstances, a plaintiff cannot establish a cognizable deliberate indifference claim when there exists a mere disagreement between the plaintiff and the state official over the proper medical care. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985).

The essence of Plaintiff's deliberate indifference claim is that Defendants wrongfully discontinued all of his medications after unconsumed pills were discovered in his jail cell during the July 11, 2015 search. A review of the record, as thoroughly summarized in the R & R, shows Plaintiff's claim is simply a disagreement with Defendants' decision to temporarily halt administration of his medications, taken in compliance with jail policy regarding medical safety of inmates, until they could reevaluate the clinical necessity of those medications. *Compare* Sec. Am. Compl., ECF No. 51; *and*

---

[8] Although a pretrial detainee's deliberate indifference claim arises under the due process clause of the Fourteenth Amendment, the Eighth Amendment's prohibition of cruel and unusual punishments provides the framework for analyzing such a claim. *See Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988).

6

Pl.'s Supp. Pldg., ECF No. 65; *with* Jacobs Aff., ECF No. 62-3 at 2; Huffman Aff., ECF No. 62-4 at 2-3; *and* Weissglass Aff., ECF No. 62-5 at 2. Viewing the evidence in the light most favorable to Plaintiff, there is not a genuine issue of material fact as to whether Defendants were deliberately indifferent to his serious medical needs. The evidence shows—and Defendants admit[9]—that they knew Plaintiff had medical conditions that required treatment, but the evidence does not suggest they disregarded an excessive risk to his health or safety. Any disagreement Plaintiff had with modification of his course of treatment once pills were discovered in his cell does not establish a claim under section 1983.

Plaintiff's arguments in his objections primarily concern his seizure medications that, unlike his mental health medications (which were restored within several weeks of the July 11, 2015 hoarding incident), allegedly were not restored until six months later in January 2016. *See* Pl.'s Objs. at 2, 4-8. The Court notes Plaintiff filed a supplemental pleading (in April 2016, after Defendants filed their motion for summary judgment) alleging he had suffered twelve seizures and related physical injuries prior to his seizure medications being restored; and Plaintiff filed a surreply brief (in May 2016) claiming his seizure medications were returned "one week after one of Plaintiff's seizures w[as] confirmed by a blood test." *See* ECF Nos. 65 & 69. However, no medical records, jail records, or other evidence supports Plaintiff's self-serving allegations, and the evidence before the Court does not indicate Defendants failed to evaluate Plaintiff's alleged seizure disorder over the six-month period. *See Pronin v. Johnson*, 628 F. App'x 160, 161 (4th Cir. 2015) ("[A] party cannot withstand summary judgment by relying solely on his own self-serving allegations unsupported by any corroborating evidence."). Defendant Dr. Theodolph Jacobs states in his affidavit that he examined Plaintiff on

---

[9] *See* Defs.' Mem., ECF No. 62-1 at 8.

August 18, 2015, had seen no evidence to support Plaintiff's claim that he suffered from a seizure disorder, and noted his "clinical treatment plan on August 18, 2015 was to continue to monitor Mr. Vanzant for any significant changes in his clinical status and to continue his current medication regimen." Jacobs Aff., ECF No. 62-3 at 3. Similarly, Defendant Dr. Berry Weissglass states in his affidavit that he saw Plaintiff on September 30, 2015, reviewed Plaintiff's medical history, noted none of Plaintiff's "self-reported seizures . . . had ever been witnessed or medically documented," and concluded: "In my clinical judgment, the implementation of anti-seizure medications was hard to justify clinically, but . . . I would continue to search for additional medical records from prior correctional institutions and facilities that he reported existed." Weissglass Aff., ECF No. 62-5 at 2. Significantly, both Dr. Jacobs and Dr. Weissglass gave their affidavits in December 2015 detailing their clinical course of treatment in the months before Plaintiff's seizure medications were restored in January 2016. At best, Plaintiff's disagreement with his course of treatment by either physician establishes a case of negligence, but not deliberate indifference.

Moreover, the Court is mindful that it should not substitute its judgment for that of state officials regarding "the effective management of the detention facility" such as that where Plaintiff is being detained. *See Bell v. Wolfish*, 441 U.S. 520, 539-40 (1979). Jail officials have a legitimate interest in maintaining security and order within their facilities, and courts afford them a "large degree of deference" as to what restrictions and conditions are necessary to maintain that security. *Traverso v. Colvard*, 818 F.2d 29, 1987 WL 37359, at *1 (4th Cir. 1987) (unpublished table decision) (citing *Bell*). Here, the record evidence shows Defendants' temporary discontinuation, prompt reevaluation, and gradual re-administration (with the added precautionary measure of crushing pills) of Plaintiff's medications were reasonable measures taken consistent with jail policy to curtail the potential health,

safety, and security risks to Plaintiff (and other detainees) if he continued to accumulate pills in his cell. *See* Jacobs Aff., ECF No. 62-3 at 2; Huffman Aff., ECF No. 62-4 at 2-3; Weissglass Aff., ECF No. 62-5 at 2; Medical Records, ECF Nos. 62-6, 62-7, 62-8, 62-9, & 62-10.

Plaintiff has failed to establish sufficient facts tending to create a genuine issue of material fact as to whether Defendants were deliberately indifferent to his serious medical needs. Accordingly, Defendants are entitled to summary judgment on his deliberate indifference claim brought under 42 U.S.C. § 1983.[10]

## **Conclusion**

The Court has conducted a de novo review of the entire record, including Defendants' motion for summary judgment, the Magistrate Judge's R & R, Plaintiff's objections, Defendants' reply, and the applicable law. For the reasons stated in this Order and in the R & R, the Court overrules Plaintiff's objections, discerns no error in the R & R, and adopts and incorporates it [ECF No. 70] by reference.

Accordingly, the Court **GRANTS** Defendants' motion for summary judgment [ECF No. 62] and **DISMISSES** Plaintiff's deliberate indifference claim brought under 42 U.S.C. § 1983 *with prejudice*.[11] The Court **DENIES** Plaintiff's motion for order to show cause and motion for preliminary injunction [ECF No. 39], and **DENIES** *as moot* Defendants' prior motion to dismiss, or alternatively, for summary judgment [ECF No. 40].

**IT IS SO ORDERED.**

---

[10] To the extent Plaintiff has alleged a state law claim for medical malpractice, the Court declines to exercise jurisdiction over such a claim pursuant to 28 U.S.C. § 1367(c)(3).

[11] Plaintiff's state law claims, if any, are **DISMISSED** *without prejudice* pursuant to 28 U.S.C. § 1367(c).

| | |
|---|---|
| Florence, South Carolina<br>September 6, 2016 | s/ R. Bryan Harwell<br>R. Bryan Harwell<br>United States District Judge |